SANDERSON CYCLONE DRILL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10664.   Promulgated February 13, 1929.

*H. A. Mihills, C. P. A.*, for the petitioner.
*C. H. Curl, Esq.*, and *I. C. Carpenter, Esq.*, for the respondent.

384

OPINION.

MARQUETTE: The petitioner contends that it acquired from the Cyclone Drill Co. assets of the net value of $180,789.51, which it is entitled to include in invested capital for the years 1917 to 1920, inclusive, and that $91,382.54 represents the value of the plant and equipment included in such assets, which value should be used as a basis for computing the allowances for wear and tear of the plant and equipment during the taxable years involved. The respondent has reduced the petitioner's invested capital claimed on account of said assets by the amount of $49,387.09, but has allowed its claim in the amount of $131,402.42. He also reduced the value of the petitioner's plant account by the amount of $49,387.09, and thereby reduced the basis for computing the allowances for exhaustion, wear and tear of the plant and equipment.

The record in this case is confusing and entirely unsatisfactory. The petition alleges and the answer admits, that the petitioner purchased 1120½ shares of the capital stock of the Cyclone Drill Co. for $75 per share and immediately thereafter liquidated that company and took over its assets, and that it thereafter paid for the 30½ shares of stock of the Cyclone Drill Co., which it had been unable

to acquire, at the rate of $110 per share. On the other hand, the minutes of the Cyclone Drill Co., which were introduced in evidence, show that the petitioner purchased the assets of that company, subject to its liabilities, for $86,325, paying 40 per cent in cash and 60 per cent in shares of the petitioner's preferred stock. Also, the opinion of the Supreme Court of Ohio in *Cyclone Drill Co.* v. *Zeigler*, 99 Oh. St. 151; 124 N. E. 131, which was an action brought by certain stockholders of the Cyclone Drill Co., and arising from the transaction under consideration, indicates that it involved the sale by the Cyclone Drill Co. of its assets, to which certain of its stockholders had not consented. If the petitioner purchased the assets of the Cyclone Drill Co. for $86,325, it is not entitled to include them in invested capital or as a basis for computing depreciation allowances at any greater amount than it paid for them. If the petitioner purchased the capital stock of the Cyclone Drill Co. and subsequently liquidated that company and took over its assets, it would be entitled to include the assets in invested capital and to compute depreciation allowances thereof on their fair market value at the date of acquisition. However, we are unable to understand how the owner of only part of the capital stock of a corporation can dissolve the corporation and take over its assets in liquidation to the exclusion of the other stockholders.

The petitioner has attempted, by the testimony of several witnesses, to establish a value for the plant and equipment greater than that allowed by the respondent. However, we are of opinion that the evidence falls far short of showing that the plant and equipment had any greater value when the petitioner acquired it than the respondent has allowed. On this point we must affirm the action of the respondent, although the evidence before us indicates that he may have erred in including the property in question in the petitioner's invested capital at more than $86,325.

With respect to the petitioner's claim that it is entitled to deduct from gross income for the taxable years 1917 to 1920, inclusive, the amounts credited in 1921 to Sanderson as additional salary for those years, we must be governed by section 12 (a) of the Revenue Act of 1916, which was in force during 1917, and by section 234 (a) of the Revenue Act of 1918. The 1916 Act provides for the deduction from gross income of:

\* \* \* First. All the ordinary and necessary expenses paid within the year in the maintenance and operation of its business and properties, \* \* \*.

The 1918 Act allows as deductions:

(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered, \* \* \*.

In our opinion the respondent's determination on this point was correct and the deductions claimed should not be allowed. The additional salaries were neither paid nor incurred during the taxable year. Sanderson, the recipient of the salaries in question, overdrew his salary account in each of the years 1917 to 1920, inclusive, but the petitioner's directors, who were the managers of the petitioner's property and business, had never authorized the additional salaries, nor did they cause the bookkeeping entries to be made crediting Sanderson's account with the amounts thereof. The additional salaries were arbitrarily fixed by Sanderson himself in 1921 and the bookkeeping entries were directed by him in that year. See *Columbia Textile Co.*, 2 B. T. A. 472, and cases cited; *Williamson Milling Co.*, 5 B. T. A. 814.

*Judgment will be entered under Rule 50.*